PD-1236-14, PD-1237-14 & PD-1238-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/19/2015 11:13:11 PM
Accepted 3/20/2015 9:04:55 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS

## OF TEXAS

REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

March 20, 2015

ABEL ACOSTA, CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS

March 20, 2015

ABEL ACOSTA, CLERK

PD-1236-14, PD-1237-14, PD-1238-14

### THOMAS LEE NIX

### vs.

### THE STATE OF TEXAS

### MOTION FOR RE-HEARING

### OF PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, MARCH 19, 2015, Thomas Nix, Appellant in the above styled and numbered Appeal, and files this Motion for Re-Hearing of Petition for Discretionary Review.

It has now been five years of my life that have been consumed with trying to seek justice after being wrongfully accused and convicted of crimes that I did not commit. From my first court appearance in 2010, I have maintained my innocence. Not being able to afford legal council the court refused my requests for legal representation saying I did not qualify due to my income. I was unemployed at the time with only unemployment insurance as my only source of income. There was no way I would be able to secure the $10,000.00 needed to hire attorney to represent me. I requested the court to appoint council and would pay whatever was needed but that was denied also. The court left no other option but to proceed pro se. From my first meeting with the District Attorney, I requested a copy of the motel video surveillance footage that had been confiscated by the Wylie P.D. knowing it would prove my statements true and charges would be dropped. The

D.A. had no intention to drop charges and no intention to allow access to video footage even though she knew I was innocent. Two years later and a month before the first trial setting, The District Attorney gave me a disk that contained a collection of clips that had been edited by the Wylie P.D. that removed any footage that would contradict their fabricated version of events and try to make me appear chasing person down hall by superimposing on video clip onto another. All audio was removed so it would not impeach their testimony and they blurred video that showed them unmercifully beating me almost to death.

I complained to the court that the disk contained altered and edited footage that was by no means showing a truthful account of the events and should not be allowed as evidence. The D.A. said she would have expert testify it had not been altered if she was going to use it at trial. I agreed to this as I knew there would be no way an expert would testify that it was not altered. At trial it was used as evidence even though no expert was there to authenticate it. My objections were overruled.

I was in disbelief that a person could be forced to go to trial having requested a continuance since this was first trial setting and discovery evidence I requested was not turned over and my only witness was not given subpoena by sheriffs deputy when she was available although I was told otherwise.

There are too many things that were done at trial that made it impossible for me to have a fair trial, I have never waivered in my claim of innocence, but it appears the courts do not seem interested in that. I have done all that was required by the courts to try to get convictions overturned but all my claims of wrongdoing by the police and D.A. have been ignored. If this request is going to be refused, I would like to have an explanation of why the truth is no longer important in the justice system, and request a thirty day extension to acquire council.


Respectfully,


Thomas Nix

/s/ Thomas Nix